[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 7, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-11879
Non-Argument Calendar

_____

D. C. Docket No. 08-00317-CV-JTC-1

ELBERT WALKER, JR.,

Plaintiff-Appellant,

versus

ATLANTA POLICE DEPARTMENT PUBLIC AFFAIRS UNIT,
N. K. REDLINGER,
Homicide Detective & Assistants,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(April 7, 2009)**

Before BIRCH, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Elbert Walker, a prisoner proceeding pro se, appeals the sua sponte dismissal of his 42 U.S.C. § 1983 civil complaint. Because defamation by a police officer is not actionable under 42 U.S.C. § 1983, we AFFIRM the district court's decision to dismiss the complaint.

## I. BACKGROUND

Walker filed a § 1983 action in forma pauperis alleging that the Atlanta Police Department Public Affairs Unit, N. K. Redlinger, Homicide Detective, and Assistant(s) released a document[1] "hideously defaming the character of the Plaintiff." R1-1 at 3; R1-2. Walker also alleged that the "document express[ed] a very strong allegation of guilt towards" him that made it impossible for a jury of his peers to judge him justly and impartially, violating "several of [his] Constitutional rights." R1-1 at 3-4.

The district court reviewed Walker's complaint for frivolity under 28 U.S.C. § 1915A. R1-4 at 1. The district court found that a claim of being defamed by police officers is not actionable under § 1983, which meant that Walker's complaint was frivolous, and that he was not entitled to monetary damages on the basis that he was defamed by the allegedly erroneous document. Id. at 3-4.

---

[1] The document is a media advisory that depicted Walker's picture and labeled him as a murder suspect who "has a history of violence and should be considered armed and dangerous." Appellant's Brief at (unnumbered) page 25. Walker's brief is unpaginated except for the cover page. The current pagination proceeds sequentially from the page he numbered as one.

2

To the extent that Walker sought a new trial, the district court found that the proper method for Walker to challenge his conviction was to file a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Id. at 4. The district court, therefore, dismissed without prejudice Walker's request for a new trial so that he could later file a petition for a writ of habeas corpus. Id. at 5.

## II. DISCUSSION

Walker argues that the district court should not have dismissed his complaint because his defamation allegations raised a material issue upon which relief could be granted under § 1983. He alleges that the defamatory actions of the Atlanta Police Department Public Affairs Unit et al. violated his rights under the First, Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments.[2] The Atlanta Police Department Public Affairs Unit did not file a brief.

We review the district court's sua sponte dismissal of Walker's complaint based on frivolity under 28 U.S.C. § 1915A for abuse of discretion. See Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). A claim is frivolous if it lacks arguable merit either in law or fact. See Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989); Miller, 541 F.3d at 1100. "Pro se pleadings are

---

[2] In the Appellant's Brief, Walker fails to mention his claim that he should receive a new criminal trial that does not reference the document. Therefore, he has abandoned this claim. See United States v. Cunningham, 161 F.3d 1343, 1344 (11th Cir. 1998).

held to a less stringent standard than pleadings drafted by attorneys" and are liberally construed. Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam).

To obtain relief under 42 U.S.C. § 1983, a plaintiff must meet two elements: (1) the conduct complained of must be committed by a person acting under color of state law; and (2) the conduct must deprive the plaintiff of rights or privileges secured by the Constitution or laws of the United States. See Rivers v. Campbell, 791 F.2d 837, 839 (11th Cir. 1986) (per curiam). Walker alleges that the Atlanta Police Department acting "under color of law" defamed him by releasing a media advisory that labeled him as a murder suspect, thereby depriving him of the "constitutionally mandated safeg[ua]rds of a criminal trial," such as the presumption of innocence. Appellant's Brief at 16-17. Although imputing criminal behavior to an individual is generally considered defamation and actionable without proof of special damages, the Supreme Court has held that a claim of being defamed by a police officer is not actionable under § 1983. See Paul v. Davis, 424 U.S. 693, 711-12, 96 S. Ct. 1155, 1165-66 (1976). Therefore, Walker cannot gain relief under §1983 and is not entitled to money damages.

### III. CONCLUSION

For the foregoing reasons, the district court did not abuse its discretion in dismissing Walker's complaint.  Accordingly, we **AFFIRM.**